## LASSEN v. BAYLISS et al.

(Circuit Court of Appeals, Third Circuit. December 1, 1903.)

No. 15.

1. BROKERS—COMMISSIONS—PERFORMANCE OF CONTRACT—BURDEN OF PROOF.
   Where a broker's employment contract for the sale of certain land provided that it should be void in case of a failure of the agreement of sale, it was incumbent on the broker, in an action for commissions, to show that the agreement of sale was performed by the purchasers, or by some one who took their place under the agreement.

In Error to the Circuit Court of the United States for the District of New Jersey.

Edward Stetson Griffing, for plaintiff in error.
Addison Ely, for defendants in error.

Before ACHESON, DALLAS and GRAY, Circuit Judges.

ACHESON, Circuit Judge. To entitle the plaintiff to recover his commissions as broker under the written contract of January 13, 1900, between him and the defendants, it was incumbent upon the plaintiff to show that the agreement of sale between the defendants as vendors and Eakins and Dignowity as purchasers of the described land had been performed by those purchasers, or by some one who took their place, under that agreement of sale. The contract for the commissions here sued for concludes with the following provision, namely, "And a failure of said agreement of sale shall make this agreement void." Now, it affirmatively appeared by the clearest proof that the agreement of sale between the defendants and Eakins and Dignowity (evidenced by the articles of agreement dated Jan-

uary 15, 1900) was not carried out, but failed by reason of the defaults of the purchasers, Eakins and Dignowity. The subsequent transaction between Bayliss and Schuler, on the one side, and Messrs. Ely, Bell, and McKenzie, on the other side, involved the sale of considerably more land than was embraced in the agreements of January 13 and 15, 1900, and the sale to Ely and his associates was upon terms of purchase materially different from the terms of the agreement of January 15, 1900. Certainly the burden of proof was upon the plaintiff to show either that by the consent of the parties in interest Ely and his associates were substituted as purchasers in place or Eakins and Dignowity, and that the agreement with the latter was carried out in a modified form agreed on by the parties in interest, or that the transaction with Ely and his associates was a device to defraud the plaintiff out of his commissions. The evidence, we think, failed to sustain either of these propositions. The plaintiff's own proofs were inconclusive, and we are of the opinion that upon the uncontradicted evidence the court was right in directing a verdict for the defendants.

Upon an attentive examination we are not convinced that any of the various assignments of error relating to the rulings of the court during the progress of the trial should be sustained.

The judgment of the Circuit Court is affirmed.